**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCHENKER, INC., a New York corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARLA SERRANO, an individual,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 2 3 2020

BY _____
MELISSA PEREZ, DEPUTY

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California<br>County of San Bernardino, Justice Center<br>247 West Third Street, San Bernardino CA 92415 | CASE NUMBER:<br>*(Número del Caso):* **CIVSB 2 0 2 6 3 9 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

| DATE:<br>*(Fecha)* NOV 2 3 2020 | Clerk, by<br>*(Secretario)* **Melissa Perez** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Schenker, Inc., a New York corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 2 3 2020

BY _____
MELISSA PEREZ, DEPUTY

BY FAX

1 | Ramin R. Younessi, Esq. (SBN 175020)
  | **LAW OFFICES OF RAMIN R. YOUNESSI**
2 | **A PROFESSIONAL LAW CORPORATION**
  | 3435 Wilshire Boulevard, Suite 2200
3 | Los Angeles, California 90010
  | Telephone: (213) 480-6200
4 | Facsimile: (213) 480-6201

5 | Attorney for Plaintiff,
  | KARLA SERRANO

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN BERNARDINO, CIVIL DIVISION**

10 | KARLA SERRANO, an individual,

11 | Plaintiff,

12 | v.

13 | SCHENKER, INC., a New York corporation;
   | and DOES 1 through 20, inclusive,

14 | Defendants.

Case No.  **CIV SB 2026394**

**COMPLAINT FOR DAMAGES FOR:**

1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**

4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

6. **FOR DECLARATORY JUDGMENT;**

7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

8. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**

9. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

-1-

**10. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

**11. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

**12. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.).**

**DEMAND OVER $25,000**

**DEMAND FOR JURY TRIAL.**

COMES NOW PLAINTIFF, KARLA SERRANO, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

2.     Plaintiff, KARLA SERRANO, is and at all times relevant hereto was a resident of the County of San Bernardino, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SCHENKER, INC. (hereinafter referred to as "Employer") was and is a New York corporation doing business at 3971 East Airport Drive, in the City of Ontario, County of San Bernardino, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated a private logistics warehouse.

5.     At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

-2-

COMPLAINT FOR DAMAGES

6. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

COMPLAINT FOR DAMAGES

10.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.     Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Employer is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Employer and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Employer and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Employer does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

-4-

COMPLAINT FOR DAMAGES

e.      The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employer is, and at all times relevant hereto was, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.    Accordingly, Employer constitutes the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

COMPLAINT FOR DAMAGES

## **FACTUAL ALLEGATIONS**

17.     On or about September 1, 2017, Defendants hired Plaintiff to work as a forklift driver. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about August 13, 2019.

18.     Between approximately September 1, 2017 and May 31, 2018, Plaintiff's hourly wage rate was $16.00.  During this time period, Plaintiff's fixed schedule was six days per week, Monday through Saturday, for approximately 8 to 12 hours per day.

19.     Between approximately March 22, 2019 and May 8, 2019, Plaintiff's hourly wage rate was $16.00.  During this time period, Plaintiff's fixed schedule was six days per week, Monday through Saturday, for approximately 8 to 12 hours per day.

20.     Throughout Plaintiff's employment, Plaintiff did not receive a second uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 10 hours, which was 5 days each week.  Between approximately September 1, 2017 and May 31, 2018, one or more of Plaintiffs' 30-minute meal periods were not provided approximately 5 times per week. Between approximately March 22, 2019 and May 8, 2019, one or more of Plaintiffs' 30-minute meal periods were not provided approximately 5 times per week.

21.     Throughout her employment, Plaintiff developed work-related injuries to her back, neck, and shoulders due to the repetitive nature of her work. These injuries caused the major life activity of working to be more difficult, thus constituting a disability.

22.     On or about August 9, 2019, Plaintiff sought medical treatment for her disability and work-related stress. Plaintiff's healthcare provider placed her on medical leave for approximately 30 days. Plaintiff promptly provided her doctor's note to Defendants and requested medical leave as an accommodation of her disability.

23.     However, or about August 13, 2019, Defendants terminated Plaintiff's employment.

24.     Defendants discriminated and retaliated against Plaintiff's by wrongfully terminating Plaintiff for exercising Plaintiff's right to request accommodation of Plaintiff's disability and/or medical condition.

-6-

COMPLAINT FOR DAMAGES

25.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

26.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

27.    Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously mentioned facts.

28.    Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

29.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

30.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

31.    Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

-7-

32.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

33.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

34.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

35.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

36.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

37.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

38.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

39.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

-8-
COMPLAINT FOR DAMAGES

40.    Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

41.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

42.    The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

43.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

44.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

45.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

46.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

47.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

48.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting

Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

49.    Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

50.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

51.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

52.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

53.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

54.    The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

55.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

56.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS**

57.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

58.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

59.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

60.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

61.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

63.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

64.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

65.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

66.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability, real or perceived, or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

67.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

68.    The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

-12-

COMPLAINT FOR DAMAGES

69.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

71.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

72.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

73.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

74.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage

-13-

COMPLAINT FOR DAMAGES

1   in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying

2   Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and

3   refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants

4   violated, and continued to violate this obligation up to and including the date of Plaintiff's termination

5   or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

6       75.    The above said acts of Defendants constitute violations of the FEHA and were a proximate

7   cause in Plaintiff's damage as stated below.

8       76.    The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated

9   by reference.

10       77.    The foregoing conduct of Defendants individually, and/or by and through their officers,

11   directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

12   despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

13   Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

14   such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

15   punitive damages in an amount appropriate to punish or make an example of Defendants.

16       78.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

17   attorneys' fees and costs, including expert fees pursuant to the FEHA.

18

19   **SIXTH CAUSE OF ACTION**

20   **FOR DECLARATORY JUDGMENT**

21   **AGAINST ALL DEFENDANTS**

22       79.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78, inclusive, as

23   though set forth in full herein.

24       80.    Government Code §12920 sets forth the public policy of the State of California as follows:

25       It is hereby declared as the public policy of this state that it is necessary to
protect and safeguard the right and opportunity of all persons to seek,
26   obtain, and hold employment without discrimination or abridgment on
account of race, religious creed, color, national origin, ancestry, physical
27   disability, mental disability, medical condition, genetic information,
marital status, sex, gender, gender identity, gender expression, age, or
28   sexual orientation.

-14-
COMPLAINT FOR DAMAGES

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

81.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

82.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

83.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated

against and, ultimately wrongfully terminated as a result of Plaintiff's medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

84.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

85.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

86.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

87.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

88.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

COMPLAINT FOR DAMAGES

**SEVENTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

89.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

90.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

91.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

92.     Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

93.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

94.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

-17-

COMPLAINT FOR DAMAGES

95.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, or in violation of FEHA.

96.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

97.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

98.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## EIGHTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES DUE

### LABOR CODE §§201, 1182.12, 1194, 1194.2

### AGAINST ALL DEFENDANTS

99.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

100.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

101.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

-18-

COMPLAINT FOR DAMAGES

102.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## NINTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS

## LABOR CODE §§226.7, 512

## AGAINST ALL DEFENDANTS

103.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

104.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

105.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

106.    In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.  In the four years last past, Plaintiff regularly worked in excess of 10 hours per day, and was thereby entitled to take uninterrupted two 30-minute meal periods and two 10-minute rest periods on each day of work.

107.    Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.    From approximately September 1, 2017 to May 31, 2018, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 6 times per week for 39 weeks, or on approximately 234 days.  During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 234 days (6 days per week for 39 weeks).

-19-

COMPLAINT FOR DAMAGES

a.    From approximately March 22, 2019 to August 8, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 6 times per week for 20 weeks, or on approximately 120 days.  During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 120 days (6 days per week for 20 weeks)

108.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.    From approximately September 1, 2017 to March 31, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 234 separate days. Consequently, Plaintiff is owed one hour of pay at $13.50 for each day, or $3,159.00, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 234 separate days.  Consequently, Plaintiff is owed one hour of pay at $13.50 for each day, or $3,159.00, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $6,318.00, plus interest thereon, for unpaid meal and rest periods for this time period.

b.    From approximately March 22, 2019 to August 8, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 120 separate days. Consequently, Plaintiff is owed one hour of pay at $16.00 for each day, or $1,920.00, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 120 separate days.  Consequently, Plaintiff is owed one hour of pay at $16.00 for each day, or $1,920.00, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $3,840.00, plus interest thereon, for unpaid meal and rest periods for this time period.

109.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $10,158.00.

110.   Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

111.   Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $10,158.00, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

**TENTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**

**LABOR CODE §§226 ET SEQ.**

**AGAINST ALL DEFENDANTS**

112.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

113.   Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

114.   In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

115.   At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly

1 and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying

2 Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not

3 one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none

4 of the required information, including hours actually worked.

5      116.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

6      117.   This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage,

7 and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in

8 attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled

9 to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating

10 Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting

11 the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

12 meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at

13 all, Plaintiff's aforementioned injuries are presumed as a matter of law.

14      118.   Plaintiff was paid on a weekly basis, and therefore Defendants violated Labor Code §226

15 approximately throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for

16 Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is

17 greater.

18      119.   Based on Defendants' conduct as alleged herein, Defendants are liable for damages

19 pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

20

21 **ELEVENTH CAUSE OF ACTION**

22 **FOR WAITING TIME PENALTIES**

23 **LABOR CODE §§201-203**

24 **AGAINST ALL DEFENDANTS**

25      120.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

26 though set forth in full herein.

27      121.   At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and

28 other compensation due immediately upon termination or within 72 hours of resignation, as required.

-22-
COMPLAINT FOR DAMAGES

1    These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest

2    period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of

3    Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-

4    203.

5          122.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-

6    203.

7          123.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff

8    is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and

9    more than $6,720.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of

10   $224.00, inclusive of overtime.

11         124.    Based on Defendants' conduct as alleged herein, Defendants are liable for $6,720.00 in

12   statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys'

13   fees and costs.

14

15                              **TWELFTH CAUSE OF ACTION**

16                              **FOR UNFAIR COMPETITION**

17              **BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

18                              **AGAINST ALL DEFENDANTS**

19         125.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

20   though set forth in full herein.

21         126.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission

22   Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5,

23   2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay

24   minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants'

25   failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation

26   due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete

27   and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business

28   & Professions Code §§17200, et seq.

127.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

128.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $10,158.00;

3.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $6,720.00;

5.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

-24-
COMPLAINT FOR DAMAGES

1        8.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish

2 Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

3        9.      For injunctive relief compelling Defendants to report to federal and state authorities wages

4 earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching

5 funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all

6 this in an amount according to the proof;

7       10.    For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

8 conduct, and failure to pay wages and other compensation in accordance with the law;

9       11.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor

10 Code and/or any other basis;

11      12.    For post-judgment interest; and

12      13.    For any other relief that is just and proper.

13 DATED:  November 20, 2020          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                                  **A PROFESSIONAL LAW CORPORATION**

By:   _____
                       Ramin R. Younessi, Esq.
                       Attorney for Plaintiff
                       KARLA SERRANO

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands trial of all issues by jury.

DATED:  November 20, 2020          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                                  **A PROFESSIONAL LAW CORPORATION**

By:   _____
                       Ramin R. Younessi, Esq.
                       Attorney for Plaintiff
                       KARLA SERRANO

-25-